JOE SHIELDS
16822 Stardale Lane
Friendswood, Texas 77546
Phone: 281-482-7603

JOE SHIELDS IN PRO PER

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE SHIELDS | ) | CIVIL ACTION No. _____ |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SHAUN KENNEDY INDIVIDUALLY, PATRICK MARRON INDIVIDUALLY, FOUR SEASONS SOLAR PRODUCTS LLC A/K/A FOUR SEASONS SUNROOMS, DOUG L. VALENTI INDIVIDUALLY AND QUINSTREET INC. | ) ) ) ) ) ) | COMPLAINT FOR CIVIL DAMAGES AND PERMANENT INJUNCTIVE RELIEF |
| Defendants | ) | JURY TRIAL REQUESTED |

ORIGINAL COMPLAINT

1. Plaintiff Joe Shields brings this action under the Telephone Consumer Protection Act (hereinafter TCPA), 47 U.S.C. §227, (1991) and the Code of Federal Regulations (hereinafter CFR) implementing the TCPA, 47 CFR §64.1200 to obtain statutory civil damages, treble damages, permanent injunctive relief and all other equitable relief the Plaintiff is entitled to.

JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 47 U.S.C. §227(b)(3) and 28 USC §1357. Federal Courts have federal question jurisdiction, 28 USC §1331,

because this case is about a cause of action created by a federal statute namely 47 U.S.C. §227(b)(3). Federal Courts have federal jurisdiction, 28 USC §1357, because this case is about an injury to a person under an Act of Congress namely 47 U.S.C. §227.

3. Venue is proper in this District under 28 USC §1391(b)(2) because all or a substantial part of the events or omissions giving rise to the stated claim(s) occurred in Harris County, Texas.

## PLANTIFF

4. Plaintiff is an individual residing in Harris County, Texas. Plaintiff is a cellular telephone subscriber and has had his current cellular telephone number since May of 2006. Prior to the events complained about Plaintiff had no knowledge of the Defendants nor has Plaintiff ever requested any contact of any kind from the Defendants.

5. Plaintiff never provided prior express consent to any of the Defendants or anyone acting in concert with the Defendants for automatically dialed calls to be made to Plaintiff's cellular telephone number.

## DEFENDANTS

6. Shaun Kennedy (hereinafter "Kennedy") is an individual and managing member that controls, oversees and directs the day to day operations of the Defendant company Four Seasons Solar

Products LLC a/k/a Four Seasons Sunrooms. Kennedy may be served by serving him at the business location of his company at 5005 Veterans Memorial Highway, Holbrook, New York 11741.

7. Patrick Marron (hereinafter "Marron") is an individual and managing member that controls, oversees and directs the day to day operations of the Defendant company Four Seasons Solar Products LLC a/k/a Four Seasons Sunrooms. Kennedy may be served by serving him at the business location of his company at 5005 Veterans Memorial Highway, Holbrook, New York 11741.

8. Four Seasons Solar Products LLC a/k/a Four Seasons Sunrooms (hereinafter "(FSSP") is a New York corporation conducting business in Texas under Texas laws. The Defendant FSSP may be served by serving FSSP's registered agent Plummer & Plummer LLP via certified mail return receipt requested at 77 Arkay Drive, Suite H, Hauppauge, New York, 11788.

9. Doug L. Valenti (hereinafter "Valenti") is an individual and company president that controls, oversees and directs the day to day operations of the Defendant company Quinstreet Inc. Valenti may be served by serving him at the business location of his company at 950 Tower Lane, 6th Floor, Foster City, California 94404.

10. Quinstreet Inc. (hereinafter "Quinstreet") is a Delaware corporation headquartered in California and conducting business in Texas under Texas laws. The Defendant Quinstreet may be

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

served by serving Quinstreets' registered agent National Registered Agents Inc. via certified mail return receipt requested at 160 Greentree Drive, Suite 101, Dover, Delaware 19904.

## DEFENDANTS BUSINESS PRACTICES

11. The Defendants use an automatic dialing device to contact leads they obtain from telephone numbers submitted on internet web sites. Defendants fail to verify the authenticity of the lead in any manner. Neither are the leads Defendants obtain scrubbed against available services that would prevent unauthorized and illegal automatically dialed calls to cellular telephone numbers.

12. The Defendants initiate these automatically dialed calls without the prior express consent of the called party. The Defendants falsely claim that when someone other than the Plaintiff submits Plaintiff's cell number on a web site they have obtained the prior express consent from the Plaintiff to call Plaintiff's cellular telephone number. The claim is demonstrably false as prior express consent can only be obtained from the called party and not from some 3rd party[1].

## DEFENDANTS' AUTOMATICALLY DIALED CALLS

---

[1] Established case law in over 2 dozen cases have held that prior express consent can only be obtained from the called party and cannot be obtained from some 3rd party.

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

13. On or about May 3rd, 2014 at approximately 8:24 a.m. Plaintiff's cellular telephone number rang. The caller stated they were calling on behalf of the Defendant FSSP. The caller identification number of 2818243225 is assigned to the Defendant FSSP. Plaintiff clearly told the caller that Plaintiff had never visited Defendants' web site.

14. On or about May 3rd, 2014 at approximately 9:50 a.m. Plaintiff's cellular telephone number rang. The caller stated they were calling on behalf of the Defendant FSSP. The caller identification number of 2818243225 is assigned to the Defendant FSSP.

15. On or about May 3rd, 2014 at approximately 12:00 p.m. Plaintiff's cellular telephone number rang. The call was disconnected shortly after Plaintiff's hello. The caller identification (hereinafter "CID") number of 2818243225 is assigned to the Defendant FSSP. On information and belief, Plaintiff believes this hang up call was made for the purpose of causing Plaintiff's cellular telephone number to repeatedly ring which any reasonable person would consider willful and knowing intent to annoy and harass the Plaintiff.

16. Plaintiff called the CID number 2818243225 and without prompting the called party the called party admitted that the calls were initiated by an automatic dialing device. This

voluntary information was provided to the Plaintiff during two (2) separate calls to the CID number 2818243225.

17. On or about May 3rd, 2014 at approximately 01:44 p.m. Plaintiff's cellular telephone number rang. The caller stated they were with Quinstreet Inc. calling on behalf of Home Depot to schedule window replacement. The CID number of 8552112530 is assigned to the Defendant Quinstreet. When prompted by the Plaintiff the caller readily admitted that the call was initiated by an automatic dialing device.

18. Plaintiff called the CID number 8552112530 and reached the voice mail of Defendant Quinstreet.

## THE TCPA

19. The TCPA prohibits automatically dialed calls to cellular telephone numbers without the prior express consent of the called party or an emergency purpose. See 47 U.S.C. §227(b)(1)(A) and 47 CFR §64.1200(a)(1). Neither condition existed with the complained about automatically dialed calls of the Defendants.

20. The device used by the Defendants to call Plaintiff's cell number is an automatic dialing device as such is defined by the TCPA. The TCPA defines an automatic dialing device as a device which has the capacity to "store… telephone numbers to be called and to dial such numbers. An automatic dialing device

need not produce numbers sequentially or randomly to be considered an automatic dialing device[2].

21. Automatically dialed calls to cellular telephone numbers made without prior express consent of the called party are an invasion of the called party's privacy. Plaintiff's privacy was invaded by the automatically dialed calls of the Defendants. Thus, Plaintiff has suffered actual damages from the invasion of his privacy.

22. The employees of the Defendants have suggested they had consent to make automatically dialed calls to Plaintiff's cellular telephone number. Assuming arguendo that someone other than the Plaintiff may have submitted Plaintiff's cellular telephone number on some internet web site the fact remains that Plaintiff never submitted his cellular telephone number on any internet web site and thus there never was any prior express consent of the called party. Mistaken belief that Defendants had prior express consent from the Plaintiff does not constitute a defense under the TCPA.

23. Defendants could have easily avoided violating the TCPA by manually dialing Plaintiff's cell number. The Defendants did not do so. Thus, Defendants willfully and knowingly used an automatic dialing device to initiate telephone calls to the

---

[2] See last antecedent rule as it pertains to the production of numbers.

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

Plaintiff's cellular telephone number without Plaintiff's prior express consent a clear and undisputable violation of the TCPA.

## VIOLATIONS OF THE TCPA

### Count I through IV

24. Plaintiff realleges and incorporates the allegations above as though fully set forth herein. On or about May 3$^{trd}$, 2014 at approximately 8:06 a.m., 09:50 a.m., on 12:00 p.m. and again on 01:44 p.m. Defendants initiated an automatically dialed call to Plaintiff's cellular telephone number. The calls were all recorded.

25. There was never any prior express consent from the Plaintiff for any of the Defendants to initiate automatically dialed calls to Plaintiff's cellular telephone number. Thus the initiation of such automatically dialed calls are a violation of 47 U.S.C. §227(b)(1)(A)(iii) and 47 CFR §64.1200(a)(1)(iii).

### APPLICABLE TO ALL COUNTS

26. Plaintiff has suffered actual damages for the initiation of automatically dialed calls to his cellular telephone number. The TCPA states that an individual may bring a civil action against a person who violates the TCPA for actual or statutory damages for each violation of the TCPA. See 47 U.S.C. §227(b)(3). Consequently, Plaintiff hereby seeks statutory

damages of $500.00 for each violation of the TCPA. Thus, Plaintiff seeks a total of $2,000.00 for the four (4) counts.

27. Plaintiff additionally alleges that the violations of the TCPA committed by the Defendants were done willfully and/or knowingly. Defendants willfully and knowingly failed to verify the authenticity of the lead, willfully and knowingly failed to use a cell number scrubbing service and willfully and knowingly used an automatic dialing device to make calls to Plaintiff's cellular telephone number. Pursuant to 47 U.S.C. §227(b)(3) Plaintiff seeks additional damages in an amount determined by the Court to be equal to treble the amount found by the Court in accordance with Paragraph 26 hereof.

## PERMANENT INJUNCTIVE RELIEF

28. An injunction is a matter of law pursuant to 47 U.S.C. §227(b)(3)(A) and 47 U.S.C. §227(c)(5)(A). Plaintiff and members of the public will benefit from injunctive relief.

29. Plaintiff alleges that Defendants will continue to irreparably harm Plaintiff and other members of the public by initiating automatically dialed calls to Plaintiff's and other members of the public's cellular telephone numbers without prior express consent of the called party. Plaintiff alleges that Defendant's will continue the invasion of Plaintiff's and members of the public privacy. Consequently,

Plaintiff, pursuant to 47 U.S.C. §227(b)(3)(A) and 47 U.S.C. §227(c)(5)(A), seeks a permanent injunction barring the Defendants from:

a. Initiating by or on their behalf, assisting, facilitating, permitting or causing automatically dialed calls to the cellular telephone numbers of members of the public without 1st obtaining prior express consent of the called party.

## PRAYER FOR RELIEF

25. WHEREFORE, premises considered, Plaintiff prays that the Defendants be cited to appear and answer herein and that upon trial hereof Plaintiff recover a judgment of and from the Defendants equally and severally for his damages as allowed by law, treble damages, as allowed by law, permanent injunctive relief as allowed by law, all costs of court and for all such other and further relief, at law and in equity, to which Plaintiff may show himself justly entitled.

*Joe Shields*
_____
Joe Shields
Plaintiff Pro Per
16822 Stardale Lane
Friendswood, Texas 77546
Home: 281-482-7603